IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

CITIBANK, N.A.,

                Petitioner,

-against-

JAMES MCPARTLAND,

                Respondent.

-------------------------------------------------------------------x

Civil Case No.:

**PETITION TO CONFIRM THE ARBITRATION AWARD**

Petitioner, Citibank, N.A. ("Citi"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, applies to this Court for an Order confirming the arbitration award entered in its favor against Respondent.

**PARTIES, JURISDICTION AND VENUE**

1. Respondent, James McPartland, is a former mortgage loan officer for Citi's within the U.S. Retail Banking, Mortgage Distributed Sales, East/West Manhattan Division in New York, New York, and at all times during his employment, resided in New York County, New York.

2. Petitioner is a national banking association with offices in New York, New York, such as the one Respondent worked from while employed with Citi. Petitioner is in the business of mortgage lending and the provision of other financial services.

3. Jurisdiction and venue in the Southern District of New York is proper because: the arbitration award that is the subject of this petition was rendered in New York, New York; Respondent, formerly a resident of New York, worked for Citi at all times during his

employment in New York and now resides in the County of Broward, State of Florida; and the amount in controversy exceeds the $75,000.00 Dollar threshold, as such there is proper diversity jurisdiction under 28 U.S.C. § 1332.

## THE ARBITRATION AWARD

4. Citi seeks to confirm the arbitration award dated July 27, 2020 (the "Award") against Respondent, which was entered following an evidentiary hearing of the American Arbitration Association [hereinafter "AAA"]. *See* Exhibit "A." The Award orders Respondent to pay to Citi compensatory damages, pre-judgment interest, and attorneys' fees for breach of contract. The Award arose out of Citi's attempt to recover the Minimum Incentive Award it paid to Respondent.

5. On or about April 30, 2019, Respondent executed and delivered Appendix A to the Offer Letter setting forth the terms of the Minimum Incentive Award. *See* Exhibit "B."

6. Pursuant to the terms of Appendix A to the Offer Letter, if Respondent resigned, or his employment terminated for any reason, within one (1) year of his start date, Respondent agreed to repay Citi, within 30 days, any portion of the Incentive Award paid to him, above and beyond what McPartland actually earned under Citi's compensation program. *See* Exhibit "B," Appendix A to the Offer Letter, at page 2.

7. Respondent voluntarily resigned from Citi on August 2, 2019, less than one year after his start date of May 10, 2019. Accordingly, Respondent was required to repay the Incentive Award less any amounts actually earned under the Compensation Program. Respondent received a total Incentive Award of $165,000.00. During his tenure at Citi, Respondent earned compensation pursuant to Citi's compensation program in the amount of $7,175.00, requiring Respondent to repay Citi the Incentive Award balance of $157,825.00.

8.      Thereafter, on or about October 31, 2019, Citi demanded repayment of the outstanding balance of the Incentive Award in the amount of $157,825.00 from Respondent.

9.      Despite Petitioner's demands for payment, Respondent failed and/or refused to pay the outstanding balance owed of the Incentive Award.

10.     On or about January 23, 2020, Petitioner filed a Demand for Arbitration and a Statement of Claim with AAA. *See* Exhibit "C."

11.     Respondent was properly served pursuant to AAA's Rules for Employment Arbitration. Additionally, when Petitioner was advised that Respondent had relocated from New York to Florida, Petitioner notified AAA of Respondent's new address. To ensure that Respondent was served with all documents in the pending arbitration, on or about May 22, 2020, Petitioner also sent copies of all documents to Respondent's new address via UPS Overnight service. *See* Exhibit "D."

12.     Despite several notices to Respondent via electronic mail, regular mail and overnight service, Respondent failed to appear or file an Answer in the Arbitration.

13.     On June 9, 2020, the evidentiary hearing on the merits of Citi's claims was held before a single AAA Arbitrator. After hearing the testimony of witnesses and reviewing the evidence presented by Petitioner, the Arbitrator rendered an award in writing, signed and acknowledged on July 27, 2020 [the "Award"]. *See* Exhibit "A."

14.     Pursuant to the Award, the Arbitrator ruled in favor of Petitioner on its claim for breach of contract, awarding Citi the amount of One Hundred Fifty Seven Thousand Eight Hundred Twenty Five and 00/100 ($157,825.00) Dollars. The Arbitrator also awarded to Citi interest on the amount due pursuant to the contract, at the rate of 9%, from September 1, 2019 through September 1, 2020, totaling Fourteen Thousand Two Hundred Four and 25/100

($14,204.25) Dollars. Additionally, after Petitioner presented proper evidence pursuant to the agreement in question, the Arbitrator awarded legal fees to Citi in the amount of Twenty Nine Thousand Six Hundred Thirty Six and 54/100 ($29,636.54) Dollars.

15. On July 29, 2020, AAA sent a Notice to Respondent of the final Award, which ordered Respondent to pay the full award amount, or Two Hundred One Thousand Six Hundred Sixty Five and 79/100 ($201,665.79) Dollars, by September 1, 2020. *See* Exhibit "E."

16. To date, the Respondent has paid no part of the Award, despite due demand therefore.

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM ARBITRATION AWARD

17. This Petition is brought within one (1) year after the aforementioned Award, pursuant to 9 U.S.C. § 9, and that Award has not been vacated or modified to date.

18. According to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, "any party to the arbitration may apply to the court . . . for an order confirming the Award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title."

19. Section 10 of the FAA permits vacatur of an arbitration award in four narrowly construed circumstances:

> (1) Where the award was procured by corruption, fraud, or undue means;
>
> (2) Where there was evidence of partiality or corruption in the arbitration;
>
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;

> (4) Where the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The grounds to vacate arbitration awards under the FAA are very narrow as the FAA supports a 'strong presumption in favor of enforcing arbitration awards ... the policy of the FAA requires that the award be enforced unless one of those grounds is affirmatively shown to exist.'" *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (*quoting Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994)), *see also, Hoai Ngo v. Oppenheimer & Co.*, 444 F. Supp. 3d 628, 633 (S.D.N.Y. 2020).

20. Section 11 of the FAA permits modification of an arbitration award in three situations:

> (1) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;
>
> (3) Where the award is imperfect in matter of form not affecting the merits of the controversy.

21. Nothing in the Award or in the arbitration hearing record reflect that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evidence of partiality or corruption in the arbitration; (3) the arbitrators were guilty of misconduct, such as refusing to postpone the hearing, or refusing to hear material evidence to the controversy; or (4) the

arbitrators exceed their powers. *See* 9 U.S.C. § 10. Further, there is no evidence that: (1) there was a material miscalculation of figures or material mistake in description of anyone or anything in the Award; (2) the arbitrators issued the Award on a matter not submitted to them; or (3) the Award is imperfect in form.

22. Accordingly, there are no grounds for vacatur or modification of the Award, and absent such grounds, the court must confirm the award.

## THE COURT MUST CONFIRM THE AWARD

23. Pursuant to 9 U.S.C. § 9, Citi is entitled to a Judgment of the Court being entered confirming the Award.

**WHEREFORE,** Petitioner Citi requests that a judgment be entered in the amount of $201,665.79, confirming the July 27, 2020 Arbitration Award rendered in favor of the Petitioner, Citibank, N.A., and against the Respondent, James McPartland, plus interest at the legal judgment rate from the date of the Award, and for such other and further relief as this Court may deem just, proper and equitable, along with the costs and disbursements of this proceeding.

Dated: October 16, 2020

ALONSO, ANDALKAR & FACHER, P.C.

By: Erin MacAvoy
*Digitally signed by Erin MacAvoy*
*DN: cn=Erin MacAvoy, o, ou,*
*email=emacavoy@alonsolegal.com, c=US*
*Date: 2020.10.16 14:22:06 -04'00'*

Erin MacAvoy
*Attorneys for Petitioner*
42 Broadway, Suite 1827
New York, New York 10004
(212) 598-5900

By: _____
Catania Facher
*Attorneys for Petitioner*
42 Broadway, Suite 1827
New York, New York 10004
(212-) 598-5900