```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC#: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 3/31/22
```

----------------------------------------------------------- x
CITIBANK, N.A.,                                             :
                                                            :
                **Petitioner,**           :
                                                            :    20-cv-8673 (ALC)
      -against-                                   :
                                                            :    <u>ORDER</u>
**JAMES MCPARTLAND,**                                       :
                                                            :
                **Respondent.**           :
                                                            :
----------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

On October 17, 2020, Petitioner Citibank, N.A. commenced this action to confirm and enforce an arbitration award against Respondent James McPartland. McPartland never appeared at the underlying arbitration hearing and never responded to the petition in this action. Petitioner now moves for a default judgment confirming its arbitration award.

## BACKGROUND

Petitioner is a corporation engaged in the business of mortgage lending and related financial services. On May 10, 2019, Respondent began employment with Petitioner as a Home Lending Officer. The dispute involves Respondent's breach of the Minimum Incentive Award agreement between the parties, namely, his failure to repay Petitioner his Minimum Incentive Award after he voluntarily resigned his employment within one year of his hire. Respondent agreed to arbitrate any employment-related disputes pursuant to Petitioner's Employment Arbitration Policy.

Despite having notice of the hearing date, Respondent did not appear at the arbitration proceeding. The arbitrator and Petitioner proceeded in Respondent's absence, and on July 27, 2020, the arbitrator entered an award in Petitioner's favor.

The arbitrator's award granted Petitioner's claim for breach of contract. The arbitrator ordered Respondent to pay Petitioner the principal amount of $157,825, pre-award interest in the amount of $14,204.25, and attorneys' fees and expenses in the amount of $29,636.54. In total, Petitioner was awarded $201,665.79.

Petitioner filed this action to confirm its arbitration award on October 23, 2020 and filed an affidavit of service on December 14, 2020. On February 8, 2021, Petitioner obtained a clerk's certificate of default. On April 9, 2021, Petitioner moved for a default judgment and filed a certificate of service.

## DISCUSSION

The Second Circuit has found that "default judgments in the confirmation/vacatur proceedings are generally inappropriate" and should instead be "treated as akin to a motion for summary judgment based on the movant's submissions." *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107, 109 (2d Cir. 2006). Where the non-moving party fails to respond to the motion for default judgment, the petition to confirm the arbitration award should be treated as an unopposed motion for summary judgment. *Id*. at 109–10. The court will uphold the arbitrator's decision so long as there is a "barely colorable justification" for the award. *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.,* 579 F.2d 691, 704 (2d Cir. 1978)).

Here, Respondent has failed to respond to the current action or appear at the underlying arbitration. Respondent has not made any objections related to the current motion or to the conduct of the arbitration. After examining Petitioner's submissions, the Court confirms the arbitrator's award because there is more than colorable justification for its outcome.

2

## CONCLUSION

For the above reasons, the Court grants the petition and the award is confirmed. The Clerk of Court is respectfully directed to award judgment in Petitioner's favor in the amount of $201,665.79, terminate the motion at ECF No. 14, and close this case.

**SO ORDERED.**
**Dated: March 31, 2022**
      **New York, New York**

*[signature]*

**ANDREW L. CARTER, JR.**
**United States District Judge**