UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A.,<br><br>    Petitioner,<br><br> -against-<br><br>JAMES MCPARTLAND,<br><br>    Respondent. | 20-CV-8673 (ALC) (BCM)<br><br>**REPORT AND RECOMMENDATION TO THE HON. ANDREW L. CARTER REGARDING CONTEMPT** |

**BARBARA MOSES, United States Magistrate Judge.**

  Respondent James McPartland failed to defend this action; failed to pay any part of the judgment obtained against him by petitioner Citibank, N.A. (Citi); failed to respond to Citi's post-judgment asset interrogatories; failed to comply with this Court's order directing him to respond to those interrogatories; failed to respond to Citi's motion to hold him in contempt of that order; and failed to appear before this Court on June 29, 2023, as ordered, for a hearing on Citi's contempt motion. Because of McPartland's intransigence, as more fully explained below, he should be held in contempt pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii), based on the facts certified below; coercive civil contempt sanctions should be assessed against him, in the amount of $500 per week, until he brings himself into compliance with this Court's orders; and Citi should be awarded its reasonable attorneys' fees and costs incurred in moving for contempt.

### Certified Facts

  The following facts are hereby certified pursuant to 28 U.S.C. § 636(e)(6)(B):

  1.  McPartland is a former loan officer for Citi. In 2019, he was employed by Citi and worked in Citi's New York City office. Pet. (Dkt. 5) ¶¶ 1, 7; Order dated March 31, 2022 (3/31/22 Order) (Dkt. 15) at 1. McPartland now resides in Florida. Pet. ¶ 3.

  2.  On July 27, 2020, after an evidentiary hearing (at which McPartland did not appear), the American Arbitration Association (AAA) issued a Final Award (the Award) (Dkt. 5

at ECF pp. 11-18) in favor of Citi and against McPartland. Pet. ¶¶ 4, 13, 14. The arbitrator found that McPartland resigned his employment at Citi less than three months after he was hired but failed to repay the $165,000 that Citi advanced to him during those months ($55,000 per month), as required by his employment contract. Award at 2-4. After offsetting $7,175 in incentive compensation that McPartland earned before his resignation, the arbitrator ordered McPartland to repay the principal amount of $157,825, plus pre-award interest in the amount of $14,204.25, and attorneys' fees and expenses in the amount of $29,636.54, for a total of $201,665.79. Award at 8; 3/31/22 Order at 2.

       3.      McPartland failed to pay the Award or any part of it. Pet. ¶ 16; McAvoy Decl. (Dkt. 23-1) ¶ 3. On October 17, 2020, Citi filed the present action, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, for an order confirming the Award. Pet. ¶ 17-18. Citi's Petition, together with a summons, was personally served on McPartland in Fort Lauderdale, Florida, on December 1, 2020. (Dkt. 10.)

       4.      McPartland failed to answer or appear in this action. On February 8, 2021, a Certificate of Default was entered (Dkt. 12), and on April 9, 2021, Citi moved for a default judgment. (Dkt. 14.) The default motion papers were served on McPartland in Fort Lauderdale, Florida, by certified mail, on April 9, 2022. (Dkt. 14-7.)

       5.      McPartland failed to respond to the default motion. On March 31, 2022, the Hon. Andrew L. Carter, United States District Judge, granted the motion, confirmed the Award, and directed the Clerk of Court to enter judgment in Citi's favor in the amount of $201,665.79. 3/31/22 Order at 3. The judgment (Judgment) was entered that same day. (Dkt. 16.)

       6.      McPartland failed to pay the Judgment or any part of it. McAvoy Decl. ¶ 5. On October 26, 2022, as part of its effort to collect the sums owed to it, Citi served a restraining notice

and asset interrogatories pursuant to N.Y.C.P.L.R. § 5224 and Fed. R. Civ. P. 69(a). (Dkt. 19-2.) The notice and interrogatories were served on McPartland in Boca Raton, Florida, by UPS Next Day Air. (Dkt. 19-3.)

7. McPartland failed to respond to the interrogatories. McAvoy Decl. ¶ 5. On March 22, 2023, Citi moved to compel him to do so (Dkt. 19), and on April 3, 2022, Judge Carter referred that motion to me. (Dkt. 20.) On April 4, 2023, I issued an order (4/4/23 Order) (Dkt. 21), directing McPartland to respond to the interrogatories by April 19, 2023, on pain of contempt sanctions. 4/4/23 Order at 1. The 4/4/23 Order, along with an additional copy of the interrogatories, was served on McPartland in Boca Raton, Florida, via certified mail, on April 5, 2023. (Dkt. 22.)

8. McPartland again failed to respond to the interrogatories. McAvoy Decl. ¶ 7. On May 23, 2023, Citi moved for contempt sanctions pursuant to Rule 37(b)(2)(A)(vii) and Local Civ. R. 83.6. (Dkt. 23.) Citi seeks an order holding McPartland in civil contempt of the 4/4/23 Order, imposing a coercive daily fine on McPartland so long as he remains in violation of that order, and awarding Citi its reasonable counsel fees. (Dkt. 23-8.)

9. On May 26, 2023, I issued an order (5/26/23 Order) (Dkt. 24) directing Citi to serve its motion papers on McPartland, together with a copy of Local Civ. R. 83.6, "in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons," as required by Local Civ. R. 83.6, and to file proof of such service no later than June 8, 2023. 5/26/23 Order at 1. I further directed McPartland to file his opposition papers by June 22, 2023 and set a hearing on the motion for June 29, 2023. *Id*. at 2. I specified:

> This is an in-person proceeding. Respondent McPartland must appear, either *pro se* or through counsel, at the hearing. **Should McPartland fail to respond to the sanctions motion and/or fail to appear at the hearing, the Court could grant Citi's motion without any evidentiary hearing and impose the requested sanctions, or any of the sanctions set forth in Local Civ. R. 83.6(c) and/or Fed. R. Civ. P. 37(b)(2).**

*Id.* (emphasis in the original). Citi's contempt motion, its supporting papers, and the 5/26/23 Order were personally served on McPartland in Boca Raton, Florida, on May 27, 2023. (Dkt. 25.)

10. McPartland failed to respond to the contempt motion, and failed to appear at the June 29, 2023 hearing. At that hearing, Citi's counsel reported that Citi had had no recent contact with McPartland.

## **Legal Standards**

Rule 37(b)(2) authorizes a federal district court to issue a wide range of sanctions when a party "fails to obey an order to provide or permit discovery," including but not limited to orders:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition (as relevant here), "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A magistrate judge, acting on referral from a district judge, has broad authority to impose a wide range of discovery sanctions pursuant to Rule 37(b)(2). Orders imposing such sanctions "are ordinarily considered non-dispositive," and therefore fall within the grant of 28 U.S.C.

§ 636(b)(1)(A) and Rule 72(a). *Doubleline Cap. LP v. Odebrecht Fin., Ltd.*, 2022 WL 3029014, at *9 (S.D.N.Y. July 19, 2022) (quoting *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 4760345, at *6 (S.D.N.Y. Sept. 28, 2018) (cleaned up)). However, if "the sanction employed disposes of a claim," *id.*, it is considered dispositive, meaning that the magistrate judge must issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b)(1). Similarly, before civil contempt sanctions may be issued, the magistrate judge must (except in certain circumstances not relevant here) "certify the facts to [the] district judge," who shall then "hear the evidence as to the act or conduct complained of" and determine if it "warrant[s] punishment." 28 U.S.C. § 636(e)(6)(B)(iii). "Once the facts have been certified by the magistrate judge, '[t]he determination of whether the conduct constitutes contempt and, if so, what sanctions are appropriate are left to the discretion of the district court.'" *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2017 WL 5067500, at *10 (S.D.N.Y. Sept. 27, 2017) (quoting *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 2006 WL 1148110, at *1 (S.D.N.Y. Apr. 28, 2006)); *see also Servaas Inc. v. Republic of Iraq*, 2013 WL 5913363, at *2 (S.D.N.Y. Nov. 4, 2013) ("Magistrate judges have limited civil contempt authority" and are "not authorized to issue a final contempt order").

The standards applicable to a motion for civil contempt are well-settled. A party or other person may be held in civil contempt for failure to comply with a court order if: (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the accused contemnor has not diligently attempted to comply with the order in a reasonable manner. *Infomir*, 2017 WL 5067500, at *10; *see also Paramedics Electromedicina Comercial, Ltd., v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004); *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 119 (E.D.N.Y.

2008); *A.V. By Versace, Inc. v. Gianni Versace S.p.A.*, 446 F. Supp. 2d 252, 257 (S.D.N.Y. 2006). All three elements must be met before contempt sanctions may be imposed. *King*, 65 F.3d at 1058; *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Levin v. Tiber Holding Corp.,* 277 F.3d 243, 250 (2d Cir. 2002) (citation omitted); *accord Leser v. U.S. Bank Nat'l Ass'n,* 2011 WL 1004708, at *10 (E.D.N.Y. Mar. 18, 2011); *City of New York v. Golden Feather Smoke Shop, Inc.,* 2010 WL 2653369, at *5 (E.D.N.Y. June 25, 2010).

"The primary purpose of the imposition of a sanction for civil contempt is to coerce the contemnor into future compliance and to remedy past non-compliance, rather than to punish him." *Matter of Dickinson*, 763 F.2d 84, 87 (2d Cir. 1985); *see also Hunter TBA*, 250 F.R.D. at 119 ("[C]ivil contempt seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct."). Among the coercive civil remedies available to the court are imprisonment and fines, provided that the sanction is lifted when the contemnor complies with the underlying court order. *See*, *e.g.*, *Matter of Dickinson*, 763 F.2d at 87-88 (affirming imposition of a $1500 fine on Dickinson, who refused to testify despite a court order requiring him to do so, "for each day he persists in his refusal to testify"); *Bldg. Serv. 32BJ Health Fund v. Facilities Source Corp.*, 2020 WL 8642103, at *1-2 (S.D.N.Y. Nov. 12, 2020) (imposing a post-default sanction in the amount of $100 per day, which was "appropriately tailored to bring [defendant] into compliance with the Judgment"); *Aviv v. Brainard*, 2018 WL 10529738, at *3 (S.D.N.Y. Aug. 30, 2018) (imposing an initial fine of $5000 upon defendants for failure to comply with a court order requiring them to disclose their assets,

6

followed by an additional fine starting at $1000 but doubling "each week thereafter that the contemnor fails to comply fully" with the court's orders).

Before imposing a coercive sanction against a contemnor, the court must consider "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co., Inc.,* 821 F.2d 106, 110 (2d Cir. 1987); accord *Sulzer Mixpac USA, Inc. v. Shanghai NSJ Hardware Ltd.*, 2013 WL 5997707, at *5 (S.D.N.Y. Nov. 13, 2013) (recommending a $5000 fine, payable to the Clerk of Court, and a $500 damage award, payable to the plaintiff, for defendant's post-judgment violation of the permanent injunction issued against it), *report and recommendation adopted,* 2014 WL 793086 (S.D.N.Y. Feb. 25, 2014). Although the district courts have "broad discretion" to determine an appropriate contempt sanction, they are "obliged to use the least possible power adequate" to bring about compliance. *Cordius Trust v. Kummerfeld,* 2009 WL 3416235, at *6 (quoting *Spallone v. United States,* 493 U.S. 265, 276 (1990)).

**Analysis**

All three elements necessary for contempt have been met. First, the 4/4/23 Order is clear and unambiguous. It ordered McPartland to "provide answers responsive to Citibank's Interrogatories to Judgment Debtor served on McPartland dated October 26, 2022, on or before April 19, 2023." 4/4/23 Order at 1. The order provided the name and address of the Citi attorney to whom the answers were to be sent, and advised McPartland that any failure to respond to the interrogatories "as set forth herein," would serve as "grounds for finding that James Keith McPartland[] is in contempt of this Court and will be subject to civil and criminal penalties." *Id*.

7

For McPartland's convenience, another copy of the interrogatories themselves was served upon him together with the 4/4/23 Order. The 5/26/23 Order was equally clear and unambiguous, directing McPartland to appear in this Court on June 29, 2023, and warning him that should be fail to do so, "the Court could grant Citi's motion without any evidentiary hearing and impose the requested sanctions, or any of the sanctions set forth in Local Civ. R. 83.6(c) and/or Fed. R. Civ. P. 37(b)(2)." 5/26/23 Order at 2.

Second, the proof of noncompliance is clear and convincing. Attorney McAvoy attests that McPartland has neither responded to the interrogatories nor made any attempt to contact Citi. McAvoy Decl. ¶ 7. There is no contrary evidence.

Third, it is equally clear that McPartland has not "diligently attempted to comply with the order in a reasonable manner." *Infomir*, 2017 WL 5067500, at *10. To the contrary: in the face of escalating demands for compliance, and clear warnings concerning the risk of contempt sanctions, McPartland "has made no effort whatsoever to comply." *Hunter TBA*, 250 F.R.D. at 120 (issuing Order of Contempt against individual who failed to comply with post-default subpoena seeking financial information concerning judgment debtor). Although "sanctions for civil contempt can be imposed without a finding of willfulness," *Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.*, 869 F.2d 34, 39 (2d Cir. 1989), the evidence here indicates that McPartland has quite deliberately ignored this Court's orders, just as he ignored the prior proceedings in this Court and before the AAA.

Because McPartland's contumacy has stymied Citi's ability to satisfy the Judgment issued by this Court, and because further warnings or lesser sanctions are unlikely to have any effect, a coercive civil fine, as requested by Citi, is in order.[1] While the "probable effectiveness" of such a

---

[1] During the June 29, 2023 hearing, Citi's counsel informed the Court that Citi would not object to the imposition of Rule 37(b)(2)(A) sanctions short of the coercive contempt sanctions requested

fine is difficult to gauge, coercive imprisonment – at this juncture – would be inconsistent with the obligation to use "the least possible power adequate" to bring about compliance. *Cordius Trust,* 2009 WL 3416235, at *6.

It is also difficult to gauge the appropriate amount of the sanction. Due to McPartland's refusal to disclose his assets, Citi has little information concerning his "financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co.,* 821 F.2d at 110. The record discloses, however, that Citi advanced him $165,000 in 2020, which he never paid back, and that he was personally served with the 5/26/23 Order at a single-family home in Boca Raton, Florida, with an estimated sale value of $1,335,700-$1,658,000 and an estimated rental value of $7,250 per month.[2] Thus, the coercive fine should be high enough to be meaningful to an individual with sufficient income or assets to pay a monthly rent in the range of $7,250. The sum of $500 per week, beginning one week (seven days) after the order of contempt is served, would meet that goal.

Additionally, Citi should be awarded its reasonable attorneys' fees and costs incurred in making its sanctions motion. "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996). Although "willfulness may not necessarily be a prerequisite" to an award of fees and costs, "to survive review in [the Second Circuit], a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of

---

in its motion papers. As a practical matter, however, given that a default judgment has already been entered against McParland, none of the available alternative sanctions is likely to compel his compliance.

[2]   https://www.zillow.com/homedetails/261-NE-2nd-St-Boca-Raton-FL-33432/46722459_zpid/ (last visited July 7, 2023); https://www.realtor.com/realestateandhomes-detail/261-NE-2nd-St_Boca-Raton_FL_33432_M57538-80729 (last visited July 7, 2023).

9

the victim of contempt." *Id.*; *see also Gucci Am., Inc. v. Li*, 2015 WL 7758872, at *5 (S.D.N.Y. Nov. 30, 2015) (where nonparty BOC "acted willfully in flouting the Court's orders," "the Court has no hesitation in granting Plaintiffs' request for reasonable attorneys' fees and costs incurred by Plaintiffs in bringing the instant contempt motion"). Willfulness, for this purpose, "merely requires a specific intent to consciously disregard an order of the court." *M. Harvey Rephen & Assocs., P.C. v. Chase Bank USA, N.A.*, 853 F. App'x 690, 693 (2d Cir. 2021) (summary order) (quoting *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998)).

Here, as in *M. Harvey Rephen*, the contemnor "demonstrated [his] intent to consciously disregard the district court's order by doing absolutely nothing" to comply with it. 853 F. App'x at 693. Moreover, in this case, contempt was sought pursuant to Rule 37(b)(2), which prescribes an award of "reasonable expenses, including attorney's fees," unless "the failure [to comply with the Court's discovery order] was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). No such circumstances are present here. Consequently, Citi should be compensated for fees and costs incurred in making the instant contempt motion and given an opportunity to document those fees and costs. *See Gucci Am.*, 2015 WL 7758872, at *5 (directing the moving party's counsel to submits declarations and time records setting forth its reasonable fees and expenses incurred in seeking contempt sanctions).

## Conclusion

For the reasons set forth above I recommend, respectfully, that Citi's contempt motion be GRANTED. McPartland should be held in contempt of court and fined in the amount of $500 per week, beginning one week after the order of contempt is served upon him, until such time as he answers Citi's asset interrogatories, first served upon him on October 26, 2022. Additionally, Citi should be directed to submit one or more declarations setting forth its reasonable fees and costs incurred in moving for contempt sanctions, attaching and authenticating counsel's time records and admissible documentation concerning out-of-pocket costs.

Dated: New York, New York
July 7, 2023

_____
**BARBARA MOSES**
United States Magistrate Judge

## NOTICE OF PROCEDURE FOR FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the Hon. Andrew L. Carter at 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned magistrate judge. Any request for an extension of time to file objections must be directed to Judge Broderick. **Failure to file timely objections will result in a waiver of such objections and will preclude appellate review**. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018) (summary order); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).